UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAQUITA WALLACE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:11-CV-2165 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court on the motion of Waquita Wallace to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition and Wallace has filed a reply.

**I. Background**

After entering into a written plea agreement with the government, Wallace pled guilty to one count of sex trafficking by fraud, force, or coercion, in violation of 18 U.S.C. § 1591. The statutory penalties for the offense included imprisonment for a term of not less than 15 years and not more than life. Among other things, the plea agreement contained the parties' recommendations as to the sentencing guidelines and their estimate of a total offense level of 31. In both the plea agreement and at the change of plea hearing, Wallace was informed of the 15-year mandatory minimum sentence and that the court was not required to accept the parties' sentencing guideline recommendations.

Before the sentencing hearing, counsel for Wallace filed a notice of her intent to call Octa Wallace to testify about Wallace's childhood. At the hearing, however, the

court would not permit Mr. Wallace to testify. Defense counsel then made a detailed proffer of what Mr. Wallace's testimony would be. The details of his anticipated testimony were also included in the sentencing memorandum that defense counsel filed. Additionally, defense counsel submitted a copy of a letter Mr. Wallace had written to the court in support of movant.

At the sentencing hearing, defense counsel argued for a sentence of 180 months' imprisonment. After taking into account the relevant sentencing factors and considering the extreme abuse Wallace perpetrated on the victim, the court imposed an upward departure, based on U.S.S.G. § 5K2.4 and § 5K2.8, and sentenced Wallace to a 240-month term of imprisonment. The judgment was affirmed on appeal. United States v. Wallace, 605 F.3d 477 (8th Cir. 2010).

## II. Discussion

In the motion to vacate, Wallace asserts claims of ineffective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that her attorney's performance fell below an objective standard of reasonableness and that she was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of

> reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. in making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. Ground One

The basis for Wallace's first ineffective assistance claim is that defense counsel failed to call witnesses to testify at the sentencing hearing. The record of the criminal case clearly shows that defense counsel sought to present Octa Wallace's testimony but the court refused to allow that or any other testimony. After the testimony was rejected, defense counsel did the next best thing—she made a detailed offer of proof. This was in addition to submitting a letter from Mr. Wallace. It cannot be disputed that defense counsel did all she could to present Mr. Wallace's statements to the court. Wallace cannot establish deficient performance and cannot demonstrate prejudice.

### B. Ground Two

Wallace's second claim of ineffective assistance is based on the contention that her attorney failed to advise the court that Wallace was not the sole perpetrator of the crime. This claim is also without merit. The court was aware of the fact that April Chaney was charged in the indictment as a co-defendant. Further, by the time Wallace was sentenced Chaney had already pled guilty to a conspiracy charge based on the same facts underlying the sex trafficking charge in the indictment. In addition, the court was aware that a third defendant, Richard Harper, had been charged in a separate indictment. Thus, it was unnecessary for Wallace's attorney to inform the court that there were others who committed the crime with her. Wallace is not entitled to relief on this claim.

### C. Ground Three

For her third claim, Wallace alleges that her attorney failed to advise her of "the elements of a federal criminal case" and that she was unaware of the rights associated with a trial. In the written plea agreement and under oath at the change of plea hearing, Wallace acknowledged that she understood her rights to a jury trial, to call and cross-examine witnesses, and to testify in her defense. She also acknowledged that she understood the charge against her and the penalties she faced. The elements of the offense were described in the plea agreement which Wallace testified she had read and understood. Statements made under oath in open court "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). *See also*, United States v. Harvey, 147 Fed. Appx. 627, 2005 WL 2923572 (8th Cir. 2005).

Because the record belies Wallace's allegations, she is not entitled to relief on this claim.

### D. Ground Four

In her fourth ground for relief, Wallace alleges that her attorney told her that she would receive only a 15-year sentence. When Wallace was questioned by the court at the change of plea hearing, she denied that she had been promised a specific sentence. Further, Wallace was informed that the guidelines recommendation in the plea agreement could be rejected by the court and that she could be sentenced to a term of life in prison. Finally, the factors supporting an upward departure were described in the presentence report which Wallace stated she had reviewed. Thus, Wallace was again notified that she could receive a sentence above the 15-year mandatory minimum. She is not entitled to relief on this claim.

### III. Conclusion

Wallace does not contend that, but for counsel's alleged error, she would not have pled guilty but would have instead proceeded to trial. Also, there is no basis for a finding that a different sentence would have been imposed.

For the reasons discussed above, the court concludes that motion and the files and records of this case show that Wallace is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims she asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Wallace has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2015.